FILED
2026 Sep-21 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

VISHAL ASHOKBHAI PATEL and VANITABAHEN VISHNUBHAI RAMI,

Plaintiffs,

v. Case No. 1:25-cv-01864-SGC

KRISTI NOEM, *et al.*,

Defendants

# MEMORANDUM OPINION[1]

The plaintiffs, Vishal Ashokbhai Patel and Vanitabahen Vishnubhai Rami, initiated this matter by filing a *pro se* complaint styled as seeking a writ of mandamus. (Doc. 1).[2] The complaint[3] concerns the plaintiffs' applications seeking employment authorization and names as defendants former Secretary of the Department of Homeland Security ("DHS") Kristi Noem and Thomas Schuurmans, the Director of the Nebraska Service Center for the U.S. Citizenship and Immigration Services ("USCIS"). (*Id.*). Presently pending is the defendants'

---

[1] The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 9).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system, and appear in the following format: Doc. __ at __.

[3] The complaint consists of eight pages, but the version originally scanned into the record included only the odd-numbered pages. (Doc. 1). The defendants filed the complete complaint as an exhibit (Doc 6-1), and the Clerk of Court subsequently entered on the record the full complaint as an exhibit to the original (Doc. 1-1).

motion to dismiss. (Doc. 6). As explained below, the motion is due to be granted, and the plaintiffs' claims will be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

The plaintiffs, a married couple, are noncitizens living in the United States. (Doc. 1-1 at 3-4; Doc. 6 at 2). On April 2, 2025, the plaintiffs each submitted two form applications to USCIS: (1) Form I-918, seeking so-called "U" non-immigrant status (a "U Visa") and (2) Form I-765, seeking employment authorization. (Doc. 1-1 at 3-6; Doc. 6 at 2-3; *see* Doc. 6-2). After six months elapsed without USCIS issuing a decision regarding employment authorization, the plaintiffs initiated this lawsuit. (Doc. 1-1 at 6). The complaint seeks an order requiring the defendants to process and adjudicate the plaintiffs' requests for employment authorization. (*Id.* at 7). It appears the plaintiffs' I-763 and I-918 applications remain pending, and that USCIS has not otherwise granted work authorizations. (*Id.* at 6).

The defendants responded to the complaint with the pending motion to dismiss. (Doc. 6). Although the court set deadlines for responsive briefing, the plaintiffs have not responded to the motion or otherwise appeared in the interim. (*See* Doc. 10). On the defendants' motion, the court stayed this matter pending adjudication of the motion to dismiss. (Docs. 12-13).

## II. STANDARD

The motion to dismiss contends this court lacks subject matter jurisdiction

and, alternatively, that the plaintiffs have failed to state a claim upon which relief can be granted. The motion will be resolved on jurisdictional grounds, so Rule 12 (b)(1) of the *Federal Rules of Civil Procedure* governs. Because the motion presents a facial challenge to the court's subject matter jurisdiction, the court accepts the factual allegations in complaint to be true before determining whether those allegations are sufficient to invoke federal subject matter jurisdiction. *See Shaikh v. Fox News* Network, 177 F.4th 1274, 1277 (11th Cir. 2026).

## III. DISCUSSION

The Victims of Trafficking and Violence Protection Act of 2000 created the U Visa program. The program allows noncitizen victims of certain crimes who cooperate in the criminal investigation and/or prosecution to obtain U Visas and work authorization documents. 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14. Applicants may also seek derivative U Visas for family members. 8 U.S.C. § 1101(1)(15)(U)(ii); 8 C.F.R. § 214.14(f). An applicant seeking a U Visa must submit an I-918 petition, as well as a certification from a qualified agency stating the applicant possesses important information about a crime and will cooperate with the investigation or prosecution. 8 C.F.R. § 241.14(c). UCIS typically processes U Visa applications in the order received. *Id.* at § 241.14(d)(2).

By statute, USCIS is limited to issuing a maximum of 10,000 U Visas per year. 8 U.S.C. § 1184(p)(2). In 2007, anticipating receipt of more than 10,000

meritorious U Visa petitions per year, UCIS created a waiting list program. 8 C.F.R. § 214.14(d)(2).[4] Under the program, if an otherwise meritorious U Visa cannot be granted because it would exceed the annual statutory cap, the applicant is placed on a waiting list. *Id.* Once on the waiting list, USCIS may grant employment authorization to the applicant and qualifying family members. *Id.* After USCIS created the waiting list program, Congress amended the statutory scheme to allow the Secretary to grant work authorizations to any alien with a pending "bona fide" U Visa application. 8 U.S.C. § 1184(p)(6).[5] Subsequently, USCIS adopted a policy allowing it to grant employment authorization to an applicant prior to placement on the waiting list, so long as: (1) the application is bona fide; (2) the applicant does not a pose threat to public safety or national security; and (3) the applicant "otherwise merits a favorable exercise of discretion." USCIS Policy Manual Vol. 3, Part C, Ch. 5.[6]

Here, the plaintiffs invoke federal subject matter jurisdiction under the Mandamus Act and the Administrative Procedures Act ("APA"). (Doc. 1-1 at 1-2). Both statutes allow courts to require federal officials and agencies to act. 28

---

[4] As noted in the motion to dismiss, the anticipated surplus of meritorious U-Visa petitions has materialized, and USCIS has issued the annual statutory maximum of 10,000 U-Visas every year since 2010. (Doc. 6 at 4-5).

[5] The statute provides the "Secretary my grant work authorization to any alien who has a pending, bona fide" U Visa application. 8 U.S.C. § 1184(p)(6).

[6] *Available at* https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5#footnotelink-1 (last visited Sept. 15, 2026).

U.S.C. § 1361 (Mandamus Act allows courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); 5 U.S.C. § 706(1) (APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed").[7] The defendants' motion to dismiss contends federal subject matter jurisdiction is absent because the plaintiffs are seeking to compel an action—granting work authorizations—to which they are not clearly entitled and which is firmly committed to the USCIS's discretion. (Doc. 6 at 9-15).

Before a court can order agency action under the Mandamus Act or APA, a plaintiff must show the agency is clearly required to take the action sought to be compelled. Mandamus jurisdiction may be exercised "only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1036 (11th Cir. 2021); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus appropriate only where the defendant owes the plaintiff a "clear nondiscretionary duty"). Similarly, an APA claim "may proceed only 'where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*.'" *Fanin v. U.S. Dep't of Veterans Affs.*, 572 F.3d 868, 877-78 (11th Cir. 2009) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64

[7] The complaint also cites 8 U.S.C. § 1329 as conferring jurisdiction. (Doc. 1-1 at 1). However, that statute confers federal subject matter jurisdiction over claims under the Immigration and Naturalization Act brought by the United States. The statute specifically notes it does not provide jurisdiction for claims against the United States or its officers.

(2004)). Thus, a court's power to compel agency action is constrained to enforcement of a "specific, unequivocal command" which the agency has no discretion to refuse. *Norton*, 542 U.S. at 63. As succinctly explained by a district court sitting within this circuit, a court "must closely examine what Congress actually required Defendants to do before determining whether it has the judicial power to order anything." *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1376 (M.D. Ga. 2019).

Here, the statute describing pre-waiting list work authorizations merely provides the Secretary "may" grant the authorization to an applicant with a pending, bona fide U Visa application. 8 U.S.C. § 1148(p)(6). This is hardly a specific, unequivocal command. Indeed, the permissive statutory language commits to USCIS's discretion whether to grant work authorizations to bona fide petitions prior to placement on the waiting list. Accordingly, USCIS does not have a clear, non-discretionary, congressionally imposed duty to adjudicate the plaintiffs' applications for work authorization, much less to do so on any particular timeline. And again, the complaint here is limited to seeking a speedier adjudication of the plaintiffs' applications for employment authorization. (Doc. 1-1). Accordingly, the court lacks jurisdiction under either the Mandamus Act or

the APA to adjudicate the plaintiffs' claims. *See Patel*, 400 F. Supp. at 1379-84.[8]

## IV. CONCLUSION

For the foregoing reasons, the court lacks subject matter jurisdiction to decide the plaintiffs' claims. Accordingly, the motion to dismiss will be granted, and this matter will be dismissed without prejudice.

**DONE** this 21st day of September, 2026.

Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

[8] In light of this conclusion, it is unnecessary to address the defendants' alternative argument that the complaint fails to state a claim for unreasonable delay under Rule 12(b)(6). (Doc. 6 at 18-24).